IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI WALKABOUT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendants. | Case No. CIV-14-939-M |

## ORDER

Before the Court is Defendants' Motion to Dismiss and Brief in Support, filed November 11, 2014. On January 26, 2015, plaintiff responded, and on February 2, 2015, defendants replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiff filed this action individually and on behalf of a class of similarly situated consumers. Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act, the Oklahoma Consumer Protection Act, and the Truth in Lending Act, and that defendants were negligent per se.

Plaintiff opened a credit card account with HSBC Bank Nevada, N.A. ("HSBC") on or about May of 2007. Plaintiff incurred consumer credit card debt to HSBC related to consumer purchases, and on or about February 2010, HSBC charged off plaintiff's debt in the amount of $2,311.00 and reported to the credit agency Experian that the account was closed and written off

---

[1] The facts set forth are taken from plaintiff's Class Action Complaint ("Complaint").

in the amount of $2,311.00 as of the reporting date of October of 2010.[2] As a result of HSBC's actions in charging off plaintiff's debt, plaintiff alleges that as of October of 2010: (1) she stopped receiving any credit card periodic statements from HSBC; (2) HSBC stopped charging interest, late charges and other charges on her account; and (3) HSBC waived its right to charge and collect post charge off interest, late charges and other charges on the account. Further, plaintiff alleges she has not incurred any debt nor has she made any payments on her HSBC account since on or about March of 2010.

On September 3, 2013, defendant Midland Funding, LLC ("Midland Funding") sued plaintiff for the debt incurred with HSBC in the District Court of Canadian County, State of Oklahoma, and alleged that plaintiff owed $2,311.52 as of April 8, 2013. Further, in attempt to collect the debt, defendant Midland Credit Management, Inc. ("Midland Credit") reported to credit reporting agencies, Equifax and Transunion, that plaintiff's debt owed was $2,738.00 as September 12, 2013. Midland Funding reported to Transunion that plaintiff's debt owed as of July 24, 2014, was $2,916.00 and reported to Experian that plaintiff's debt owed as of August 2014, was $2,927.00.

Defendants now move the Court to dismiss plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] In her Complaint, plaintiff alleges that the amount charged off by HSBC was $2,511.00. *See* Complaint ¶ 38. However, Exhibit 1 of plaintiff's Complaint indicates that the amount charged off and reported to Experian by HSBC was $2,311.00.

> plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Fair Debt Collection Practices Act ("FDCPA") and Truth In Lending Act ("TILA")

Defendants assert that plaintiff has failed to state plausible claims violations of the FDCPA and the TILA. Specifically, as to plaintiff's claim that defendants violated the FDCPA,

defendants assert that plaintiff's allegation that HSBC waived its right to interest and late charges because it charged off the debt and stopped sending credit card statements is not a legally sufficient allegation to support plaintiff's claim that defendants violated the FDCPA. In her response, plaintiff included her sworn affidavit in which affirms alleged facts that were not included in her Complaint regarding her claim that defendants violated the FDCPA. Further, defendants contend that plaintiff cannot state a claim under the TILA because defendants are not original creditors as defined in the TILA and Regulation Z. As to plaintiff's claim that defendants violated the TILA, plaintiff also includes alleged facts in her response that were not included in her Complaint. Having carefully reviewed the parties' submissions, the Court finds that in the interest of justice, plaintiff should be granted leave to file an amended complaint to specifically allege the additional facts included in her affidavit and response regarding her claims that defendants violated the FDCPA and the TILA.

B.  Oklahoma Consumer Protection Act ("OCPA")

"The OCPA prohibits the use of certain false and misleading practices in consumer transactions. As defined, a consumer transaction means advertising, [or] offering for sale or purchase, [or] sale, [or] purchase, or distribution of any services or any property ... for purposes that are personal, household, or business oriented." *Hollis v. Stephen Bruce & Assocs.*, No. CIV-07-131-C, 2007 WL 4287623, at *4 (W.D. Okla. Dec. 5, 2007) (citing Okla. Stat. tit. 15, §§ 752 & 753) (internal quotations and citations omitted). Further, "the [OCPA] does not apply to debt collection activities by persons or entities uninvolved in the underlying consumer transaction," *Id.*, except in the following circumstances:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act when, in the course of the person's business, the person:
> \*    \*    \*    \*

4

> 31. Acting as a debt collector, contacts a debtor and threatens to file a suit against the debtor over a debt barred by the statute of limitations which has passed for filing suit for such debt; or
> 32. Acting as a debt collector, contacts a debtor and uses obscene or profane language to collect a debt.

Okla. Stat. tit. 15, § 753(31) & (32).[3]

Plaintiff contends that the amendments made by the legislature to Section 753 of the OCPA opened defendants, as debt collectors, up to liability for violating the OCPA. Defendants contend that the amendments to Section 753 only apply to debt collectors in very specific circumstances. Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to establish a claim against defendants for violating the OCPA. Specifically, the Court finds that plaintiff has failed to alleged that defendants either: (1) contacted her and threatened to file a suit against her over her credit card debt, which was barred by the statute of limitations for bringing a claim for the debt; or (2) contacted her and used obscene or profane language to collect her debt. Therefore, the Court finds plaintiff's claim that defendants violated the OCPA should be dismissed.

### C. Negligence *per se*

Since the Court is allowing plaintiff to amend her complaint to allege specific facts regarding her claims that defendants violated the FDCPA and the TILA, the Court will not address plaintiff's negligence *per se* claim in this Order.

### IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART Defendants' Motion to Dismiss and Brief in Support [docket no.14] as follows:

---

[3] Section 753 of the OCPA was amended on May 12, 2012, to include paragraphs 31 and 32, applying to debt collectors.

5

(1) the Court GRANTS defendants' motion to dismiss as to plaintiff's claim that defendants violated the OCPA and DISMISSES plaintiff's claim that defendants violated the OCPA; and

(2) the Court GRANTS plaintiff leave to amend her complaint as to her claims that defendants violated the FDCPA and the TILA. Plaintiff shall file her amended complaint on or before May 28, 2015.[4]

**IT IS SO ORDERED this 14th day of May, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Upon plaintiff filing her amended complaint, the Court will find the remaining parts of defendants' motion to dismiss moot.