IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORI WALKABOUT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-14-939-M |
| MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss Amended Complaint and Brief in Support, filed July 6, 2015. On August 6, 2015, plaintiff responded, and on August 17, 2015, defendants replied. Based on the parties' submissions, the Court makes its determination.

I.  Introduction[1]

Plaintiff filed this action individually and on behalf of a class of similarly situated consumers. In her Amended Complaint, plaintiff alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA") and further alleges that defendants' repeated violations of the FDCPA entitles her to maintain a negligent *per se* cause of action against defendants.[2]

Plaintiff opened a credit card account with HSBC Bank Nevada, N.A. ("HSBC") on or about May of 2007. Plaintiff incurred consumer credit card debt to HSBC related to consumer purchases, and on or about February 2010, HSBC charged off plaintiff's debt in the amount of

---

[1] The facts set forth are taken from plaintiff's Amended Class Action Complaint ("Amended Complaint").

[2] On May 14, 2015, the Court granted in part and denied in part defendants' Motion to Dismiss and Brief in Support [docket no. 14] and granted plaintiff leave to amend her complaint as to her claims that defendants violated the Fair Debt Collection Practices Act and the Truth and Lending Act.

$2,311.00 ("plaintiff's Debt") and reported plaintiff's Debt to credit reporting agencies. Plaintiff alleges that HSBC continued reporting the same balance for plaintiff's Debt for eight months after being charged off because HSBC had ceased adding interest intentionally, for valid business reasons. Plaintiff further alleges that HSBC, after charging off plaintiff's Debt, and pursuant to the Truth in Lending Act[3], stopped sending plaintiff statements in order to not incur any other expense of furnishing statements and, further, stopped adding interest, late charges and other charges to plaintiff's account. Plaintiff alleges these actions by HSBC waived its right to charge and collect post charge off interest, late charges, and other charges on plaintiff's account.

Plaintiff alleges that defendants either resumed adding interest to plaintiff's Debt or added interest to plaintiff's Debt for periods prior to the time defendant Midland Funding claims it acquired plaintiff's Debt. Plaintiff further alleges that defendants had minimal information about the contractual interest regarding plaintiff's Debt and was not entitled to charge statutory interest. Further, plaintiff alleges that on or about April 11, 2013, attorneys for defendants called plaintiff and demanded payment of plaintiff's Debt. Plaintiff also alleges that in attempt to collect plaintiff's Debt, defendants reported plaintiff's Debt to the credit reporting agencies, Equifax and Transunion, as of September 12, 2013, as $2,738 owed, as of July 24, 2014, as $2,916.00 owed, and as of August 2014, as $2,927.00 owed. Plaintiff further alleges that

---

[3] The Truth in Lending Act provides in part:
> The creditor shall mail or deliver a periodic statement as required by § 1026.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed. A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate Federal law.

12 C.F.R. § 1026.5(b)(i).

defendants' practice of adding interest to plaintiff's Debt represents a standard practice with respect to all credit card debts they seek to collect from Oklahoma residents.

Defendants now move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Amended Complaint for failure to state a claim for relief. Specifically, defendants contend that: (1) plaintiff's FDCPA claim is barred by the statute of limitations; (2) based on a previous ruling, plaintiff's Amended Complaint fails to state a claim for relief; (3) Oklahoma law authorized defendants to charge interest; (4) plaintiff cannot state a claim of negligence *per se*; and (5) plaintiff's class action claim should be denied based on the lack of adequate allegations in plaintiff's Amended Complaint.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will

3

not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

　　A. Statute of Limitations

"An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Defendants contend that plaintiff's claims that defendants violated the FDCPA are barred by the statute of limitations since defendants' original alleged violation of the FDCPA occurred at least by March 2013 and this action was not filed until September 2, 2014. Plaintiff contends that, pursuant to the Tenth Circuit's ruling in *Solomon v. HSBC Mort. Corp.*, 395 F. App'x. 494 (10th Cir. 2010), each time defendants reported a higher account balance to the credit reporting agencies, they were participating in a discrete attempt to collect plaintiff's Debt. *See id* at 497 ("[S]eperate communications can create separate causes of actions arising from collection of a single debt. For statute of limitation purposes, discrete violations of the FDCPA should be analyzed on an individual basis.").

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff,

4

the Court finds the FDCPA's statute of limitations does not bar plaintiff's FDCPA claim. Plaintiff alleges that defendants reported plaintiff's Debt to the credit reporting agencies on September 13, 2013, July 24, 2014, and on or about August of 2014. Defendants contend that plaintiff has only made one allegation against them, charging of interest after HSBC supposedly waived it. However, in plaintiff's Amended Complaint, plaintiff alleges that each time defendants reported plaintiff's Debt to the credit reporting agencies defendants made false or misleading representations and used unfair practices in violation of sections 1692(e) and 1692(f) of the FDCPA. The Court finds that, pursuant to *Solomon*, as applied here, on the face of plaintiff's Amended Complaint, her FDCPA claims are not barred by the statute of limitations, and, therefore, plaintiff's FDCPA claims should not be dismissed on this basis.

B. Claim of Waiver

Defendants also contend that plaintiff has failed to state a plausible claim for relief, since a previous ruling on an identical claim to plaintiff's was dismissed in this court.[4] Defendants specifically contend that plaintiff's allegation that HBSC waived its right to interest and late charges because it charged off plaintiff's Debt and stopped sending credit card statements is insufficiently pled. Defendants assert that plaintiff failed to allege any facts to support the legal concept of waiver. Plaintiff contends that her Amended Complaint contains detailed allegations regarding HSBC's practices, including a policy of waiving interest on charged off accounts to minimize the amount of bad debt on their books.

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff,

---

[4] In *Willingham v. Midland Funding, LLC, et al.*, Case No. CIV-13-748-D (W.D. Okla. July 6, 2015), Judge DeGiusti denied plaintiff's motion to amend as futile because plaintiff's allegation that WEBANK waived its right to collect further interest constituted a legal conclusion and was insufficient to state a claim upon which relief could be granted.

the Court finds that plaintiff has sufficiently pled facts that would allow the Court to infer that HSBC waived its right to charge interest on plaintiff's Debt. Plaintiff alleges that defendants were not entitled to charge interest on plaintiff's Debt because HSBC waived its right to charge interest on plaintiff's Debt. The act of waiver requires a "voluntarily and intentional relinquishment of a known right. As such, the doctrine of waiver focuses on the intention of the party against whom the waiver is asserted; that is, the party must have the intent to waive its right." *Murphy Oil USA v. Wood*, 432 F.3d 1008, 1012 (10th Cir. 2006) (citing *Barringer v. Baptist Healthcare of Okla.,* 22 P.3d 695, 700 (Okla.2001)).[5]

The Court finds that based on the specific allegations alleged in plaintiff's Amended Complaint, plaintiff has pled sufficient facts for the Court to infer that HSBC waived its right to charge interest. Specifically, the Court finds that in addition to alleging that HSBC charged off plaintiff's Debt, as it was required to do after plaintiff's account was delinquent for 180 days, and ceased sending periodic statements, plaintiff specifically alleges that:

---

[5] The parties disagree as to the persuasive authority in this matter. Defendants contend that the rulings in *Willingham* as well as *Bunce v. Portfolio Recovery Assocs., LLC*, Case No. 14-2149-JTM, 2014 WL 5849252 (D. Kan. Nov. 12, 2014) are on point with this case in that the district courts found, in both matters, that the plaintiffs had failed to allege sufficient facts to show that the original creditors waived their right to charge interest. In both matters, the district courts found that the plaintiffs' specific allegations that the original creditors waived their right to charge interest because they charged off the debt and stopped sending statements was not enough to allow an inference that the original creditors waived their right to charge interest. *See Willingham* at *10 (finding that the plaintiff's allegations that WEBBANK was required to charge off the plaintiff's debt, the monthly statements ceased, and WEBBANK stop charging interest was not enough for the court to infer an action of implied waiver on the part of WEBANK); *see also Bunce* at *3 ("The court concludes that simply because the original creditors charged off the accounts and stopped sending month [sic] statements does not preclude the assignee of the accounts from seeking to collect interest.")

Conversely, plaintiff contends that this action is more similar to the case *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537 (N.D. Ill. April 12, 2012), where the district court found that the plaintiff's allegations of the bank's policies of waiving interest on charged off accounts to minimize the amount of bad debt on their books were "sufficient to create more than a sheer-possibility that any interest was waived." *Id.* at 542 (citing *Iqbal*, 556 at 678).

> 30. HSBC continued reporting the same balance for the Debt to credit reporting agencies.
>
> 31. The reporting of the same balance eight months after chargeoff [sic] resulted from the fact that HSBC ceased adding interest to the Debt.
>
> 32. HSBC ceased adding interest intentionally, for valid business reasons.
>
> \* \* \* \*
>
> 35. HSBC elected not to incur the expense of furnishing statements.
>
> 36. HSBC also did not wish to increase the amount of bad debt on its books.
>
> 37. On information and belief, after charging off the debt, HSBC did not send plaintiff any periodic statements from HSBC. Plaintiff ceased receiving such statements, and is informed and believes that it was the policy of HSBC to not send statements.

Am. Compl. ¶¶ 30-32 & 35-37. The Court finds the above allegations are more similar to the facts alleged in *Terech* than in *Bunce* and *Willingham*, and, therefore, plaintiff's Amended Complaint should not be dismissed on this basis.

### C. Statutory right to charge interest

Defendants contend that they had a statutory right to charge interest on plaintiff's Debt, after they acquired it. Defendants rely on Okla. Stat. tit. 15, § 266, which states: "The legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be authorized by law, now in effect or hereinafter enacted," to specifically contend that if HSBC did in fact waive its contractual right to charge interest, then Oklahoma statutory law provided defendants the right to charge interest on plaintiff's Debt. Plaintiff contends that when HSBC waived its right to charge interest, it

essentially set the contracted rate of interest at zero, and, therefore, defendants, as assignees of HSBC, had no right to collect interest at a rate in excess of zero.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has failed to sufficiently allege facts that defendants violated the FDCPA when defendants charged the statutory rate of interest on plaintiff's Debt. Specifically, the Court finds that plaintiff alleges that HSBC waived its right to charge interest on plaintiff's Debt when it stopped adding interest, late charges, and other charges, after it charged off plaintiff's Debt. However, plaintiff does not allege that in HSBC's actions of waiving its right to charge interest, HSBC actually changed or set the contractual rate of interest to zero.[6] Therefore, defendants had a statutory right to charge interest on plaintiff's Debt once it acquired it. As such, the Court finds that plaintiff's Amended Complaint should be dismissed on this basis.

Further, the Court will not address plaintiff's class action or negligence *per se* claims since the Court found that plaintiff's allegations were not sufficient to show that defendants violated the FDCPA.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Amended Complaint and Brief in Support [docket no. 48] and DISMISSES this action.

**IT IS SO ORDERED this 22nd day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[6] As to this allegation, plaintiff only alleges that "[s]ince all credit card agreements are a 'contract as to the rate of interest,' it is not permissible to charge 6% simply because [defendants] do not care to pay for sufficient information and documents to compute the interest called for by the contract." Am. Compl. ¶ 49.